[L. A. No. 13993.   In Bank.—June 21, 1933.]

ALAN RECHT, Petitioner, v. THE STATE BAR OF
    CALIFORNIA, Respondent.

Clyde P. Harrell for Petitioner.

Philbrick McCoy and A. B. Bianchi for Respondent.

THOMPSON, J. — The proceeding is one to review the recommendation of the Board of Bar Governors of the state of California to the effect that petitioner be suspended from the practice of law for the period of three months. The local administrative committee No. 9 made its recommendation that petitioner be given a private reprimand, which conclusion was arrived at after the committee had made its finding that the accused attorney, while representing the Pacific Investment Trust and gaining information of a confidential character, had solicited employment from two women investors therein, without revealing to them his professional association with the trust, and had secured them to sign contracts with him by which he would and actually did exact an exorbitant and unconscionable fee for demanding and receiving from the trust the amount of their investment; and had falsely represented to them, for the purpose of securing them to sign the agreements, that he had been investigating the trust and had tied up the money; and that he and no other attorney could make the recovery for them, although he knew at the time that the Pacific Investment Trust intended to turn the money back to them and that such conduct on the part of petitioner was dishonest and oppressive.

The petitioner claims that these findings are unsupported by the evidence and in his petition recites his version of the affair.

We cannot but conclude, in view of the rule which requires a petitioner for a writ of review to "fairly state all the material evidence relative to the point", when his claim is founded upon the ground that the testimony is insufficient (204 Cal. xcv), that petitioner has not dealt fairly or frankly with the court. In view of his petition, we have read the entire transcript and even partisanship and zeal should not blind one to the fact that every finding of the committee is amply warranted. In fact, the findings fail to reveal completely the lack of appreciation and understanding by petitioner of the ideals and aspirations

which should animate and the conduct which should characterize a member of the profession of the law. It is only when we review the evidence itself that we have a full and complete comprehension of petitioner's activities. Corroborating the testimony to the effect that he knew all he had to do in order to recover the money for Mrs. Liggins, one of the clients, was to make a demand, is his own statement that he told her to come back to his office the next or the succeeding day and he would have the money. And yet he exacted from her in the manner outlined a contract for one-third thereof. But worse than that was his conduct with the other client. He was not satisfied with one-third of the $1500. According to the testimony of Mrs. Rudd's son, petitioner asserted that he had been compelled to lay out some expense money in connection with the negotiations and, for that reason, retained $600. He says he was not employed by the Pacific Investment Trust, but by a man named Shostak. Letters sent out by petitioner, however, establish conclusively that he was endeavoring to collect money for the concern and not for Shostak, who, it may be said, became the manager of the trust at about the same time petitioner was employed. There is a patent endeavor by petitioner to shift the blame on to the shoulders of Shostak. We are not inclined to detail the testimony of the two. It is sufficient to say that petitioner's cause is not benefited by a comparison of their statements. Some time was devoted in the oral argument to efforts made by petitioner to restore to the parties some of the exorbitant and excessive fee. When we read the proceedings, however, it appears that such a thought never entered his mind until the local administration committee, in an apparent effort to do something for the two women who had thus been oppressed, suggested to petitioner and his counsel that their recommendation might be affected by some effort in this direction. For aught that appears, however, no restitution has been made.

Should we approve the recommendation of the Board of Governors? Considerable emphasis has been laid upon the fact that petitioner had only been practicing four years and was only twenty-seven years of age. This, however, is not a case of the mere violation of the rule against the solicitation of business, nor is it so much an infringement

of the canon against representing conflicting interest as it is a violation of the very fundamentals of common honesty and fair dealing. The license to practice is not a license to mulct the unfortunate, but to assist in righting their wrongs, so far as humanly possible. It is doubtful, in view of the record in this case, if petitioner can thoroughly appreciate the full significance of the foregoing statement in a period of three months. If he were older in the profession we should have no doubt concerning his disbarment. As it is, the least disciplinary punishment, under the circumstances, was recommended by the Board of Bar Governors.

It is, therefore, ordered that petitioner be suspended from the practice of law in all the courts of this state for a period of three months, said suspension to begin with the date of the filing of this order.

Langdon, J., Curtis, J., Waste, C. J., Seawell, J., Preston. J., and Shenk, J., concurred.